SUMMERS, Justice.
 

 On February 3, 1961, the plaintiff, Chas. A. Kaufman Co., Limited, owner and operator of a department store in New Orleans, instituted suit against the defendant, Julian O. Gregory, a resident of Jefferson Parish, Louisiana, in which plaintiff seeks judgment in the sum of $75,000.00. It is alleged that plaintiff employed defendant as comptroller and treasurer for a considerable period of time prior to January 21, 1961, at which time defendant’s employment was terminated.
 
 *769
 
 While so employed, during the latter part of the year 1959, the year 1960 and up to January 21, 1961, defendant wrongfully appropriated cash from plaintiff’s Dryades Street store in the amount sued for. In its suit plaintiff sought and obtained a writ of attachment against the property and funds of the defendant and caused garnishment to issue against defendant’s funds in nine banks in the New Orleans metropolitan area. This writ of attachment was issued on the ground, alleged in plaintiff’s petition, that defendant was “about to dispose of his property, or some part thereof, with intent to defraud his creditors and has converted, or is about to convert, property into money with intent to place it beyond the reach of his creditors.” These are among the recognized grounds enumerated in Article 3541 of the LSA-Code of Civil Procedure. See LSA-C.C.P., art. 3541(2) and (3).
 

 Upon suggesting to the court that the above quoted allegation was untrue, and, therefore, the writ of attachment was wrongfully obtained, defendant moved for the dissolution of the writ. It was further set forth in the motion to dissolve that the claim sued upon was unliquidated in its nature, and that a writ of attachment against a resident defendant for such a claim allegedly arising prior to January 1, 1961, is illegal and therefore said writ was wrongfully obtained.
 
 [1]
 
 Defendant in his motion reserved his rights to claim those damages he may have sustained because of the wrongful issuance of the writ.
 

 O11 the trial of the motion to dissolve, defendant proceeded and offered evidence to rebut the allegation which is quoted above to the effect that defendant was about to dispose of his property with intent to defraud his creditors or was about to convert property into money with intent to place it beyond the reach of his creditors. At the conclusion of defendant’s offerings, plaintiff sought to offer the testimony of the President of Kaufman’s, the Comptroller, the Supervisor of Sales Audit and the cashier in order to prove that during the years 1959, 1960 and 1961 defendant misappropriated over $75,000.00 in cash from the Dryades Street store and in many ways misappropriated various sums of money rightfully belonging to plaintiff.
 

 Plaintiff’s counsel stated that the evidence referred to would be offered strictly for the purpose of showing defendant’s intention to defraud his creditors and to place his
 
 *771
 
 property beyond the reach of his creditors. Defendant’s counsel having objected to plaintiff’s offer, the court ruled that plaintiff could not introduce the evidence, for the proof offered was the same evidence upon which plaintiff relied to establish the merits of its case; and the court did not propose to hear the merits of the case upon the trial of the motion to dissolve. By reason of this ruling plaintiff was unable to introduce the only evidence upon which he relied to establish that the defendant was about to dispose of or convert his property with “intent to defraud” his creditors or “place his property beyond the reach of his creditors”, and, consequently, at the conclusion of the trial of the motion, there was no evidence of record on behalf of the plaintiff.
 

 The court then maintained the motion to dissolve the attachment. From this judgment plaintiff appealed to the Court of Appeal, Fourth Circuit. That court affirmed the judgment dissolving the writ of attachment. We granted certiorari upon application of plaintiff to review this judgment.
 

 Formerly the order and burden of proof upon the trial of a motion to dissolve required the defendant (the party moving for the dissolution) to proceed with the presentation of his evidence in an effort to rebut the prima facie case existing in favor of plaintiff by virtue of plaintiff’s petition, the supporting affidavits and the order granting the attachment. Failure to rebut the prima facie case resulted in the writ of attachment being maintained. LSA-Code of Practice, art. 258; Swift & Co., Ltd. v. Bonvillain, 139 La. 558, 71 So. 849 (1916); See syllabus to John T. Hardie & Co. v. Colvin, 43 La.Ann. 851, 9 So. 745 (1891); H. Simons & Co. v. Jacobs, 15 La.Ann. 425 (1860); Offutt v. Edwards, 9 Rob. 90 (La. 1844); and Williams v. Ralph R. Miller Shows, 15 So.2d 249 (La.App.1943).
 

 This order of proof and the burden of proof formerly observed at the trial of a motion to dissolve an attachment have been changed by the enactment of Article 3506 of the LSA-Code of Civil Procedure which provides:
 

 “The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. * * ”
 

 Under this new Code of Civil Procedure article it readily appears that the filing by defendant of a contradictory motion to dissolve the attachment obliges the party who has petitioned for and obtained the issuance of the attachment to proceed at the trial of the motion to dissolve. He must at that time discharge the burden of proof by establishing the facts alleged as grounds for the issuance of the writ of attachment. Failure to discharge this burden would entitle the mover to an order of dissolution. Kessler v. Dugar, 144 So.2d 733
 
 *773
 
 (La.App.1962); Victory Electric Works, Inc. v. Maryland Casualty Co., 140 So.2d 182 (La.App.1962). See, also, Comment, LSA-C.C.P. art. 3506.
 

 Thus this plaintiff’s effort to introduce evidence to prove the grounds for the issuance of the writ was proper and in keeping with the requirement of LSA-Code of Civil Procedure Article 3506. It was reversible error for the trial court to deny plaintiff the right to present that evidence. The error thus committed is not made less so because the proof offered is in fact the same evidence upon which plaintiff relies to establish his claim on the merits; for so long as the proffered proof is legal and relevant to the question before the court on the motion to dissolve it cannot be rejected. In this connection, it is appropriate to comment that the testimony of the officials of plaintiff’s store that defendant misappropriated its funds is clearly relevant to the charge that defendant intended to defraud his creditors.
 

 Accordingly, the judgment of the court of appeal is reversed and this case is remanded to the trial court with instructions that it proceed with the trial, of the motion to dissolve and that plaintiff be permitted to introduce such evidence as may be relevant and otherwise admissible to establish the grounds upon which it relied for the issuance of the writ of attachment.
 

 HAWTHORNE, J., absent.
 

 [1]
 

 . Apparently this latter allegation has been abandoned as a ground for dissolution of this writ of attachment as no further mention of it appears in the record of the trial of the motion to dissolve or in the briefs, nor was it mentioned in oral argument before this court. In any event it has no merit for Article 3542 of the LSA-Code of Civil Procedure permits the issuance of a writ of attachment whether the amount sued for is liquidated or unliquidated. This suit is governed by that codal article for it was instituted since January 1, 1961, the effective date of the code. See Sec. 4, Act 15 of 1960.