WILLIAMS, Judge.
This suit was instituted by Frank W. Matthews on a promissory note signed by H. L. Byford in the amount of $1600. Plaintiff alleged that Byford was about to leave the state and caused the seizure of defendant’s automobile and other movable property under a writ of attachment. Defendant answered, denying plaintiff’s allegation that he was leaving the state, and in reconvention, sought damages and attorney’s fees for the alleged wrongful attachment. Judgment was rendered in plaintiff’s favor on the principal demand and in defendant’s favor on the reconventional demand for attorney’s fees in the amount of $150 and damages of $100 for embarrass *766 ment and humiliation. Defendant has appealed seeking an increase in these awards. Plaintiff has not answered this appeal nor does defendant question the judgment of the trial court on the principal demand.
The sole question presented is the adequacy of the awards to defendant on his reconventional demand. In order to determine whether the awards to defendant should be modified it is necessary to review the factual situation giving rise to this suit.
The record reveals that Byford had been employed by plaintiff as a truck driver for about one and one-half years prior to terminating his employment on October 26, 1969. On that date he was engaged in driving one of Matthews’ trucks to a destination in Texas. During this trip the lights on the truck failed twice and were repaired. About midnight at Palestine, Texas the lights on the truck failed a third time. Byford telephoned Matthews’ mechanic, Wayne Anderson, who suggested Byford stay in the truck and await daylight before proceeding; whereupon By-ford informed Anderson that he was quitting, abandoned the truck and returned to Mansfield. Byford testified that the truck had no heater and that he had become wet from rain while placing canvas over the load of lumber he was hauling. The following morning Matthews telephoned By-ford and testified that during this conversation Byford told him he was going to move to Center, Texas. Byford denied making this statement. Prior to this incident on October 13, 1969 Matthews loaned Byford $1600 to enable him to consolidate his debts. The promissory note sued upon, payable on demand, was signed as evidence of this loan. When told by By-ford that he was quitting, plaintiff demanded payment of the note. When no payment was made this suit was filed and the writ of attachment issued.
Article 3541 of the Louisiana Code of Civil Procedure provides as follows:
“A writ of attachment may be obtained when the defendant:
% s|« ijí íjí i}«
“(4) Has left the state permanently, or is about to do so before a judgment can be obtained and executed against him; * * * ”
In his well-written opinion, the trial judge noted that since plaintiff alleged that defendant was about to leave the state, the burden of proof was upon him to prove these allegations. We adopt the following language from Judge Pickett’s opinion:
“The plaintiff obviously predicated his decision to secure the writ of attachment on the statement made to him by the defendant of his intention to move to the state of Texas, and to some extent, the plaintiff may have felt justified in believing the defendant would move to the state of Texas because the defendant’s father lived in Center. However, there was no overt act on the part of the defendant to leave the state of Louisiana. Conceding that the defendant made such a statement to plaintiff, the undisputed fact remained that defendant owned a home in Mansfield, had his children in school in Mansfield, and did nothing to indicate his intention of leaving the state except his statement that he made to plaintiff. It is the established jurisprudence of this state that the writ of attachment is the harshest of conservatory writs. In the case of Charles A. Kaufman [Co.] vs. Gregory, 244 La. 766, 154 So.2d 392, the Supreme Court said:
‘Under this new Code of Civil Procedure article it readily appears that the filing by defendant of a contradictory motion to dissolve the attachment obliges the party who has petitioned for and obtained the issuance of the attachment to proceed at the trial of the motion to dissolve. He must at that time discharge the burden of proof by establishing the facts alleged as grounds for the issuance of the writ of attachment. Failure to discharge this burden would entitle the mover to an order of dissolution. Kessler v. Dugar, 144 So.2d 733 (La.App.1962); *767 Victory Electric Works, Inc. v. Maryland Casualty Co., 140 So.2d 182 (La.App.1962). See, also, Comment, LSA-C.C.P. art. 3506.’
“After taking into consideration all of the evidence, it is my opinion that although plaintiff had reasons to suspect that defendant intended to move to Texas, there was not sufficient evidence to show that in fact the statutory ground for the attachment existed at the time the writ was issued. In American Steel Building Co. v. Brezner, 158 So.2d 623, the Court said:
‘The creditor attaches at his risk that, whatsoever the appearances at the time of attachment, the evidence on a motion to dissolve will prove that in fact no lawful grounds existed to support the attachment.’
“As far back as Ferguson v. Chastant, 35 La.Ann. 339 our Supreme Court said:
‘The intent to defraud must exist to justify an attachment. It does not suffice that appearances indicate it.’
“For the above and foregoing reasons, it is my opinion that the motion to dissolve the writ of attachment should be sustained, and the attachment dissolved.”
With regard to the question of quantum, we find that the trial court has correctly weighed the evidence and has applied the law properly to these facts. We adopt his reasons and conclusions as our own:
“The defendant testified that he had paid his attorney $250.00 to represent him in this case. However, the attorney represented him both in the dissolution of the writ of attachment and in the trial of the case on its merits. It is my opinion that $150.00 will suffice to compensate the defendant for his expenditures for attorney’s fees to represent him in the dissolution of the writ of attachment. There was considerable evidence that the defendant’s wife was embarrassed and humiliated as a result of the attachment, as well as the defendant himself. But when the defendant borrowed $1,600.00 from the plaintiff in order to pay the balance due on most of the items seized under the writ of attachment, he admitted that he was in serious financial difficulties. The evidence indicates that the fact that the plaintiff loaned the defendant money with which to liquidate these pressing claims may very well have prevented the defendant being embarrassed by his creditors seizing some of his movable property.
“Taking all of the evidence into consideration, it is my opinion that an award of $100.00 would be adequate to compensate defendant for any embarrassment or humiliation he may have suffered because of the seizure of his property under the attachment.”
For the reasons assigned, the decision appealed is affirmed. Costs of this appeal are assessed to appellant.