REDMANN, Judge.
From a judgment dissolving plaintiff’s writ of attachment and casting plaintiff for $200 damages and $250 attorney’s fee, plaintiff suspensively appeals. Defendant answers the appeal seeking increase in damages and attorney’s fee because the suspensive appeal has continued to deprive him of his seized household goods.[1]
Plaintiff held defendant’s unsecured note for $3,225 (representing a financed amount of $1,850 plus 48.25% per annum finance charge of $1,375), payable in 30 monthly installments of $107.50. Defendant was two payments in arrears when plaintiff’s executive vice-president read in the local newspaper that defendant, a professional football player, had been “traded” to a team in Oakland, California. Plaintiff’s collection officer tried unsuccessfully to reach defendant by phone many times on June 1. (Earlier collection efforts, presumably less urgent, had also been unsuccessful.)
*261 On June 2 plaintiff sued on the note for its unpaid balance less unearned interest, and obtained the writ of attachment by alleging on information and belief “that the defendant is about to leave the State of Louisiana permanently before a judgment can be obtained and executed against him.” See C.C.P. art. 3541 subd. (4) [2]
On defendant’s contradictory motion to dissolve it was, plaintiff’s burden, C.C.P. art. 3543, to prove the grounds upon which it caused the writ to issue, i. e., that defendant was “about to” leave the state permanently.
Plaintiff failed to produce such proof. It showed only that the newspaper report was correct that defendant had been “traded”, or that the Oakland team had “bought [his] contract” to play. (Defendant testified he had had a knee injury which made it doubtful that Oakland would actually employ him.)
“Where a plaintiff sues out a writ of attachment in the honest belief that it is necessary for the protection of its rights, it seems rather unfortunate that it must be held liable for the payment of damages. But the writ of attachment is an extremely harsh remedy, and, when a party makes use of this powerful legal weapon he must be ready to respond in damages if it be found that the writ was wrongfully used.” General Motors Acceptance Corp. v. Sneed, 167 La. 432, 119 So. 417, 421 (1929).
Plaintiff has sorely aggravated defendant’s damages by maintaining its unlawful seizure 16 additional months through suspensive appeal. Additional attorney’s services have been required to secure the return of defendant’s household necessities. We therefore increase attorney’s fees to $500 and damages to $2,000, without implying that the damages of $200 for the first month prior to the trial court’s dissolution of the attachment were not adequate within its discretion.
The judgment is affirmed but amended in quantum to $2,000 general damages and $500 attorney’s fees, with legal interest from the date this judgment becomes final and all costs.
Amended and affirmed.

. Seized were defendant’s washer, dryer, five pairs of drapes, sewing machine, color TV, stereo-phono-radio, electric clock, one 9' X 12' and two 3' X 4' carpets, clock radio, 20 stereo records, 300 45-rpm records, and freezer.

. “A writ of attachment may be obtained when the defendant: (4) Has left the state permanently, or is about to do so before a judgment can be obtained and executed against him; * * * ”