FORET, Judge.
David W. Tyler (appellant) appeals from a trial court’s judgment denying his motion to dissolve a writ of attachment. J. Harold Bourque and Helen Pellerin Bourque (ap-pellees) requested the issuance of that writ.
Appellants present the following issues:
(1) Whether the trial court erred in denying appellant’s motion to dissolve the writ of attachment, and
(2) Whether the trial court erred in allowing a teletype message in evidence over appellant’s objection that it was hearsay.
FACTS
Appellees instituted a wrongful death action on October 20, 1980, alleging that appellant had murdered their son, Kenneth J. Bourque, in Houston, Texas, on either the 10th or 11th of October, 1980. Their petition contained a request for the issuance of a writ of attachment based on a number of grounds. The trial court ordered the issuance of the writ, and the Sheriff of Lafayette Parish seized appellant’s account in the First National Bank of Lafayette which contained $17,793.59.
*654 Appellant was taken into custody in Monroe, Louisiana, on October 12, 1980, pursuant to a fugitive warrant issued in Harris County, Texas, and is presently incarcerated in Ouachita Parish. Appellant filed a motion to dissolve the attachment on November 10, 1980, alleging that the writ had been wrongfully obtained, and he sought damages and attorney’s fees. A contradictory hearing on the motion was held and the trial court rendered judgment on December 11, 1980, denying the motion. Appellant was granted a suspensive appeal from the trial court’s judgment.
THE WRIT OF ATTACHMENT
Appellant first contends that the trial court erred in finding that the allegations of appellees’ petition set forth specific facts upon which their request for the issuance of the writ of attachment was based, rather than being conclusory. Appellant cites the requirements of LSA-C.C.P. Article 3501, which provides:
“Art. 3501. Petition; affidavit; security
A writ of attachment or of sequestration shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counselor or agent.”
LSA-C.C.P. Article 3501, supra, must be strictly and literally complied with because it concerns the extremely harsh remedy of a conservatory writ. Yorkwood Savings and Loan Association v. Thomas, 379 So.2d 798 (La.App. 4 Cir. 1980); Hancock Bank v. Alexander, 237 So.2d 669 (La. 1970).
A review of appellees’ petition discloses that the allegations set forth specific facts on which they base their request for the issuance of the writ, i. e., appellant has been apprehended in Monroe, Louisiana and faces extradition to the State of Texas on a charge of homicide. There is no merit to appellant’s contention.
Appellant next contends that appellees failed to prove the grounds alleged by them for the issuance of the writ as required by LSA-C.C.P. Article 3506, which provides:
“Art. 3506. Dissolution of writ; damages
The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or of sequestration is dissolved, the action shall then proceed as if no writ had been issued.”
Under LSA-C.C.P. Article 3506, it readily appears that the filing by the de--fendant of a contradictory motion to dissolve the attachment obliges the party who has petitioned for and obtained the issuance of the attachment to proceed at the trial of the motion to dissolve. He must at that time discharge the burden of proof by establishing the facts alleged as the grounds for the issuance of the writ of attachment. Failure to discharge this burden would entitle the mover to an order of dissolution. Chas. A. Kaufman Company, Limited v. Gregory, 154 So.2d 392 (La.1963); Safety Finance Service, Inc. v. Nevett, 270 So.2d 260 (La.App. 4 Cir. 1972); Matthews v. Byford, 240 So.2d 765 (La.App. 2 Cir. 1970).
The trial court found that appellees had carried their burden of proof with respect to the grounds for issuance of a writ of attachment set forth in LSA-C.C.P. Article 3541(4) which provides:
“Art. 3541. Grounds for attachment
A writ of attachment may be obtained when the defendant:

(4) Has left the state permanently, or is about to do so before a judgment can be obtained and executed against him;
Specifically, the trial court found that: “It is evident that the Defendant is about to leave the State: he is awaiting extradition to Texas on murder charges.”
We conclude that simply finding that a defendant is about to leave the state is *655 insufficient grounds for the issuance of the writ of attachment. Under LSA-C.C.P. Article 3541(4), there must be the additional finding that a defendant is about to leave the state permanently. See Safety Finance Service, Inc. v. Nevett, supra; Matthews v. Byford, supra.
Appellees have attached to their brief filed in this Court the record from a judicial proceeding which took place in another court. That proceeding is “State of Louisiana v. David Tyler, Docket # 39,808, 4th Judicial District Court, Parish of Oua-chita, Louisiana.” Apparently that proceeding was commenced to determine whether a sanity commission should be appointed to examine appellant. Appellees would have this Court take judicial notice of that record, which they claim proves that appellant is about to leave this State permanently.
There is no provision in Louisiana law authorizing a court of this State to take judicial notice of suit records in other courts. If appellees desired that we consider the record or judgment in another matter before another court, it was incumbent that such documents be introduced as evidence in the record in the trial court. Mattox v. American Indemnity Company, 259 So.2d 79 (La.App. 4 Cir. 1972); Jenks v. Gulla, 383 So.2d 1052 (La.App. 1 Cir. 1980).
There was no evidence presented by appellees to show that extradition proceedings had been commenced by the State of Texas in an attempt to extradite appellant. In fact, the evidence shows that no such proceedings have begun. Further, the evidence shows that appellant may be wanted in Texas for the commission of a homicide, but there is no evidence as to what degree, i. e., manslaughter, etc. Finally, there can be no argument with the fact that appellant must be presumed to be innocent of whatever crime he may be charged with.
We find that the evidence presented by appellees falls short of proving that appellant is about to leave this State permanently before a judgment can be obtained and executed against him. Therefore, the trial court erred in denying appellant’s motion to dissolve the attachment.
Because of our decision, there is no need for this Court to address the second issue raised by appellant concerning the introduction of a teletype message in evidence.
For the above and foregoing reasons, the judgment of the trial court is reversed. We find that appellant has suffered no damages for the wrongful issuance of the writ of attachment. We award appellant $750.00 as attorney’s fees for services rendered in connection with the dissolution of the writ. The writ of attachment is dissolved.
All costs of this appeal and at trial level are assessed against plaintiffs-appellees.

REVERSED.