415 So.2d 306 (1982)
Kenneth W. HOLLIMAN d/b/a Holliman Ford Tractor Company, Plaintiff-Appellant,
v.
E. H. GRIFFIS, Defendant-Appellee.
No. 14859.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1982.
Rehearing Denied June 17, 1982.
*307 Voelker, Ragland, Brackin & Crigler by Charles R. Brackin, Lake Providence, for plaintiff-appellant.
Hamilton & Carroll by Donald K. Carroll, Oak Grove, for defendant-appellee.
Before HALL, MARVIN and SEXTON, JJ.
HALL, Judge.
Plaintiff filed suit for possession of a backhoe allegedly leased by plaintiff to defendant under a written lease, the term of which had expired. A writ of sequestration was issued and the property seized. Defendant filed a motion to dissolve the sequestration alleging he had purchased the backhoe from plaintiff, and praying for damages and attorney fees. After trial, the district court found that the parties intended a sale and purchase of the equipment and that the lease purchase agreement was in reality a security device. Plaintiff having failed to establish the grounds upon which the writ was issued, judgment was rendered dissolving the writ and awarding defendant $1,500 attorney fees.
Plaintiff appealed and contends the trial court erred in finding there was a sale rather than a lease, as evidenced by the written agreement between the parties, and in dissolving the writ and awarding attorney fees. Defendant answered the appeal, contending the trial court should have awarded additional damages and that the award of attorney fees should be increased for the work done on appeal.
We amend the judgment to increase the amount of attorney fees and otherwise affirm.
LSA-C.C.P. Art. 3571 provides that one who claims the ownership or right to possession of property, or a privilege thereon, may have the property seized under a writ of sequestration if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom or remove the property from the parish during the pendency of the action. LSA-C.C.P. Art. 3506 allows the defendant to obtain the dissolution of the writ of sequestration by contradictory motion unless the plaintiff proves the grounds upon which the writ was issued. The court may allow damages for the wrongful issuance of the writ of sequestration and may include attorney fees as an element of damages.
Plaintiff argues that the trial court should not have considered evidence of the ownership of the equipment upon the trial of the motion to dissolve. Comment C following LSA C.C.P. Art. 3506 states that the article "retains the jurisprudential rule that only the grounds for the auxiliary remedy can be inquired into on the motion to dissolve, and not the merits of the main demand."
In the case of a sequestration based on a claim of ownership, the proof offered to prove or disprove plaintiff's grounds for issuance of the writ of sequestration is often the same proof that would be adduced at trial of the merits. As long as the evidence is relevant to the question of whether plaintiff had sufficient grounds to cause the writ to issue, the evidence must be admitted. See: Chas. A. Kaufman Co., Limited v. Gregory, 244 La. 766, 154 So.2d 392 (1963). This is true even if this evidence is the same evidence that would be adduced at trial on the merits. Therefore, it was proper for the trial court to hear evidence concerning plaintiff's claim to ownership and to hear defendant's evidence which tends to contradict plaintiff's claim.
*308 Plaintiff argues that the evidence establishes his ownership of the equipment and that the transaction with defendant was a lease, not a sale.
Although there was conflicting evidence, there was substantial evidence supporting the trial court's finding that the transaction between the parties was a sale as defendant claimed. Defendant and one of his employees who was present during the negotiations testified that after plaintiff said he was not in the business of renting equipment all discussions concerned a purchase of the equipment, for which a cash price of $17,960 was quoted. Their testimony was that the document styled "Equipment Lease With Option to Purchase" was a financing arrangement, that plaintiff was advised defendant was buying the equipment, and that plaintiff advised defendant the equipment would be his after all payments were made.
The document provided for installment payments of $633.45 for the first six months and $363.45 for the next 54 months. The 60 installment payments paid by defendant total $23,427, several thousand dollars more than the cash price stated.
The document provides that defendant had the option to purchase the equipment during the first six months of the term. The document contains the term "security interest" in several places and it provides that defendant will be responsible for all those things normally associated with ownership such as operating expenses, repairs, maintenance, taxes, insurance, registration, licensing, and taxes. The agreement was assigned to Ford Motor Credit Company who sent defendant installment payment booklets referring to the transaction as a "times sales contract." Defendant received a rebate from Ford as in the case of a sale. Plaintiff treated the transaction as a sale on his income tax returns, including it as an item under gross receipts. Defendant in his tax returns depreciated the equipment as owner.
Plaintiff failed to discharge the burden of proof imposed on him by LSA-C.C.P. Art. 3506 to establish by a preponderance of the evidence the facts alleged as grounds for the issuance of the writ, that is, his ownership of the equipment seized. The preponderance of the evidence supports the trial court's conclusion that the transaction was a sale and that defendant is the owner of the equipment. Because plaintiff failed to discharge his burden the defendant was entitled to an order dissolving the writ. Bourque v. Tyler, 401 So.2d 652 (La.App. 3d Cir. 1981), and cases cited therein.
Defendant contends on appeal that the trial court erred in failing to award him damages for the wrongful issuance of the writ. It is clear that under LSA-C.C.P. Art. 3506 the defendant is entitled to receive compensation for actual damages sustained as the result of the wrongful sequestration. However, the proof to substantiate defendant's claim of damages must be clear and definite and not subject to conjecture. Bice v. Southside Motors, Inc., 344 So.2d 78 (La.App. 2d Cir. 1977); Talley v. Bradley, 177 So.2d 624 (La.App. 3d Cir. 1965); Ralph's Fleet, Inc. v. American Marine Corporation, 157 So.2d 317 (La.App. 4th Cir. 1963).
In this case, the defendant said he was losing $100 per day for use of the backhoe. Defendant and an associate had secured contracts in the past from home builders for delivery of dirt for new construction sites. Defendant provided the needed backhoe and his associate provided the labor and the trucks for hauling the dirt to the construction site. Defendant failed to establish, however, that he lost any contracts because of the seizure of the backhoe. Defendant's testimony regarding loss of income due to the seizure is not supported by any records or documentary evidence. It is clear that during the five years that defendant was in possession of the backhoe, he made very little use of the equipment and the trial court considered this fact as well as defendant's lack of definite proof regarding his claim of loss of income in deciding not to allow damages for the denial of use of the equipment. We find that the trial court was correct in denying compensation for the claimed loss.
*309 The trial court awarded defendant attorney fees in the sum of $1,250 which defendant asks us to increase to cover services rendered for this appeal. We find the amount of reasonable attorney fees to which plaintiff is entitled for this appeal to be $500. Accordingly, the judgment of the trial court will be amended to increase the amount of attorney fees.
For the foregoing reasons the judgment of the trial court is amended to increase the amount of attorney fees from $1,250 to $1,750 and, in all other respects, the judgment is affirmed. All costs of this appeal are assessed to the plaintiff-appellant.
Amended, and as amended, affirmed.