# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-885

**STEVE THIBODEAUX, INDIV. AND D/B/A C&B CONSTRUCTION**

**VERSUS**

**KAUFMAN TRAILERS, INC.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 68,448-A
HONORABLE JOHN LARRY VIDRINE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Marc T. Amy, Judges.

**AFFIRMED.**

**Jonathan Clyde Vidrine**
**West & Vidrine**
**P. O. Drawer 1019**
**Ville Platte, LA 70586**
**Telephone: (337) 363-2772**
**COUNSEL FOR:**
**Plaintiff/Appellee - Steve Thibodeaux, Indiv. and d/b/a C&B Construction**

**Douglas Daniel Brown**
**406 West Morris Avenue – Suite C**
**Hammond, LA 70403**
**Telephone: (985) 310-6900**
**COUNSEL FOR:**
**Defendant/Appellant - Kaufman Trailers, Inc.**

**THIBODEAUX, Chief Judge.**

In this redhibition action, Kaufman Trailers, Inc. appeals the trial court's judgment granting Steve Thibodeaux, d/b/a C&B Construction, rescission of a sale and return of the purchase price of a trailer. Kaufman asserts that Mr. Thibodeaux never proved ownership of the trailer and that even if ownership was proven, Mr. Thibodeaux continued to use the trailer despite its defects, negating his claim for rescission. For the following reasons, we affirm the judgment of the trial court.

## I.

## ISSUE

We will consider whether the trial court erred in granting a rescission of sale and return of the purchase price of the trailer to Mr. Thibodeaux.

## II.

## FACTS AND PROCEDURAL HISTORY

Mr. Thibodeaux is in the dirt construction business, and his company is C&B Construction. In 2006, Mr. Thibodeaux decided to purchase a hauling trailer for business use. He testified that he wanted to purchase a "Pintle Hitch Trailer capable of hauling a piece of equipment, the maximum width allowed without a permit." Mr. Thibodeaux contacted Kaufman, and the parties ultimately contracted for the manufacture and sale of a trailer with a width of 102 inches.

Kaufman charged Mr. Thibodeaux $13,080.00 for the trailer. Mr. Thibodeaux placed a down payment of $3,649.50 and financed the remainder of the purchase for forty-eight months with BB&T Leasing Corporation. He testified

that, with tax and interest, his total investment in the trailer amounted to $18,765.16.[1]

Kaufman delivered the trailer to Mr. Thibodeaux's business, C&B Construction. Mr. Thibodeaux immediately noticed that the width of the trailer did not meet his specifications. Notably, Kaufman manufactured and delivered a trailer that was slightly over ninety-nine inches in width. Before using the trailer, Mr. Thibodeaux contacted Kaufman about the width differential. He testified that Kaufman ignored his complaint.

Following Kaufman's refusal to rescind the sale or replace the trailer, Mr. Thibodeaux was forced to hire others to haul the piece of equipment for which the trailer was purchased. He testified that he was able to use the trailer for other purposes but not for its intended purpose. He also claimed that the deficiency in the trailer's width inconvenienced his business greatly.

Following a bench trial, the trial court found that Kaufman sold the trailer knowing that the defect existed at the time of sale and, thus, was in bad faith. The trial court ordered Kaufman to pay Mr. Thibodeaux $18,765.76, plus interest from the date of judicial demand as well as $7,500.00 plus legal interest in attorney fees. Kaufman appeals the trial court's judgment. Mr. Thibodeaux neglected to file an answer to the appeal but requests, in brief, attorney fees for work performed on this appeal.

III.

## LAW AND DISCUSSION

### Standard of Review

The existence of redhibitory defects is a question of fact, and the trial court's conclusions about them should not be set aside absent manifest error.

---

[1]We note that Mr. Thibodeaux's calculation of the total cost of the trailer is $.60 less than the amount awarded by the trial court. Since Kaufman has not complained about this discrepancy, we will not address it further.

2

*Parker v. Dubus Engine Co.*, 563 So.2d 355 (La.App. 3 Cir. 1990). An appellate court may not set aside a trial court's finding of fact absent manifest error or unless the fact finder is clearly wrong. *Lewis v. State, Through Dep't of Transp. and Dev.*, 94-2370 (La. 4/21/95), 654 So.2d 311; *Thomas v. Albertsons, Inc.*, 28,950 (La.App. 2 Cir. 12/11/96), 685 So.2d 1134, *writ denied*, 97-0391 (La. 3/27/97), 692 So.2d 395.

## Redhibition

Redhibition is defined in La.Civ.Code art. 2520, and is "the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice." *La. Indus. v. Bogator, Inc.*, 605 So.2d 213, 216 (La.App. 2 Cir. 1992). The existence of such a defect gives a buyer the right to obtain rescission of the sale or a reduction in the price. La.Civ.Code art. 2520.

Indeed,

> "In situations where new vehicles present such defects as would render their use inconvenient and imperfect to the extent that the buyer would not have purchased the automobile had he or she known of the defects, the buyer is entitled to a rescission of the sale instead of merely a reduction in the price."

*Jones v. Winnebago Indus., Inc.*, 47,137, p. 7 (La.App. 2 Cir. 5/16/12), 92 So.3d 1113, 1118.

### *Ownership of the Vehicle*

Kaufman argues that Mr. Thibodeaux has no valid claim for rescission because he failed to establish ownership of the trailer. The trial court disagreed, finding that Mr. Thibodeaux purchased the trailer and had it shipped to his company, C&B Construction. In cases, such as this one, where the fact finder

3

concludes that a party carried his burden of proof, a credibility determination can be implied from that finding

An appellate court cannot reverse a trial court's factual findings that are based on a reasonable credibility evaluation if the record "furnishes a reasonable factual basis for the trial court's finding." *Marange v. Custom Metal Fabricators, Inc.*, 11-2678, p. 7 (La. 7/2/12), 93 So.3d 1253, 1258 (quoting *Canter v. Koehring Co.*, 283 So.2d 716, 724 (La.1973)). When, as here, "there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are reasonable." *Id.*

Contrary to Kaufman's claims, Mr. Thibodeaux's testimony that he owned the trailer is corroborated by documentary evidence introduced at trial. Indeed, the invoice for the trailer indicates a sales price, the "sales order" and "salesperson" data, and it notes that the trailer was shipped to C&B Construction, a company owned by Mr. Thibodeaux. Moreover, BB&T is listed as the lienholder, a position that only affects its priority status as a lender, it does not affect ownership, as Kaufman argues. These documents, combined with Mr. Thibodeaux's uncontroverted testimony regarding the purchase of the trailer and his relationship to C&B Construction, led the trial court to conclude that Mr. Thibodeaux met his burden of proving ownership of the trailer. We find no manifest error in that determination.[2]

### Defects in the Trailer

Kaufman argues that the trial court erred in granting rescission of the sale of the trailer and that, at best, Mr. Thibodeaux is entitled to a reduction in the purchase price. We disagree. Specifically, Kaufman asserts that because Mr.

---

[2]In light of our finding that the trial court properly evaluated Mr. Thibodeaux's testimony and the corroborating documentary evidence supporting his testimony to make a credibility determination, Kaufman's argument regarding "best evidence" is inconsequential.

Thibodeaux continued to use the trailer despite the defect in its width, he accepted the trailer with defects and is not entitled to rescission. We find that Kaufman's argument is without merit.

"The existence of redhibitory defects is a question of fact which will not be disturbed in the absence of manifest error." *Jones*, 92 So.3d at 1118. "Moreover, a manufacturer is presumed to have knowledge of defects in the object it produces." *Id.* (citing La.Civ.Code art. 2545). If a purchaser buys a new vehicle with defects, and those defects render the use of that vehicle inconvenient or imperfect to the extent that the buyer would not have purchased the vehicle if he had known of the defects, the buyer is entitled to a rescission of the sale instead of merely a reduction in the purchase price. *Id.*

Here, Mr. Thibodeaux specifically ordered a trailer from Kaufman with a deck width of 102 inches. Instead, Kaufman delivered a trailer with a deck width of approximately ninety-nine inches. Mr. Thibodeaux notified Kaufman immediately upon discovering the defect. Indeed, Mr. Thibodeaux testified that the width of the trailer was pertinent to his business and that he ordered the trailer with that particular width to meet a specific business need. Kaufman rebuked his claims for a refund. Faced with no other option, Mr. Thibodeaux filed suit and used the trailer as best he could. Thus, we find no error in the trial court's judgment rescinding the sale and ordering a return of the purchase price.

**Attorney Fees on Appeal**

Mr. Thibodeaux asserts that he is entitled to attorney fees for work performed on this appeal. The issue of attorney fees is not properly before this court as no answer to the appeal was timely filed pursuant to La.Code Civ.P. art. 2133. Thus, we will not consider the argument.

IV.

## **CONCLUSION**

For the reasons articulated above, we affirm the judgment of the trial court. Costs of this appeal are assessed against Kaufman Trailers, Inc.

**AFFIRMED**.