McBRIDE, Judge.
We previously adjudicated this matter on its merits. 77 So.2d 39. In our decree defendants-appellees were condemned to pay all court costs. Subsequently the defendants filed a rule in the lower court directed to Emile M. Doll, the plaintiff, ordering him to show cause why the amount of costs due by them should not be fixed and taxed at the sum of $82.80. Plaintiff made no appearance when this rule was called for trial on the return date, whereupon it was made absolute and the costs were taxed at said sum.
A few days later Doll filed a motion for a new trial in which he suggested to the court that the aforesaid judgment is contrary to the law and prejudicial' to his in *693 terests on several grounds: (1) that there is no party before the court having any interest in the subject matter of the rule; (2) that the rule disclosed no cause of action; (3) that the motion was not properly verified; (4) that the two-day notice of the filing of said rule was not given as required by Rule IX; (5) that there was no prayer for judgment against any party before the court, and (6) that no judgment had been prayed for against Emile M. Doll. The motion for a new trial was denied and Doll has taken this appeal from the judgment taxing the costs.
The only ground urged for reversal is that Doll had not been given a two-day notice of the filing of the rule as required by the aforementioned Rule IX of the trial court (the notice was served upon Emile B. Doll instead of Emile M. Doll), but we need not concern ourselves with the question of such notice vel non for the reason that the appellant has waived his right to make such complaint. It is well settled in our jurisprudence that when one who has not been properly served with citation or upon whom there was no service voluntarily makes his appearance in the case, he thereby waives any right to object to the insufficiency of citation or the lack of it. See Dart’s New Louisiana Digest, Vol. 3, “Citation and Appearance,” sec. 48, p. 378.
Doll in filing his motion for a new trial not only urged that he had not been served with citation, but also that the judgment was erroneous on five other grounds .as stated above. Once he urged these other •grounds in his motion for the new trial, it constituted a voluntary appearance which had the effect of effectively waiving any right he may have had to complain that the judgment was a nullity for the lack of notice or citation. We passed on this precise point in Keyes v. Dade, 8 La.App. 257, there saying:
“Exception to citation and return on petition is waived by voluntary appearance to urge motion for new trial on other grounds.”
We seriously doubt that Doll could have filed any sort of motion for a new trial without waiving his right to complain that he had not been cited. A motion for a new trial is not the correct remedy for annulling a judgment which is null for such reason. The Code of Practice provides that a judgment may be annulled where the defendant has not been legally cited and has not entered appearance or joined issue, but the nullity must either be demanded on appeal or by direct action by means of a petition as in ordinary suits. Arts. 606, 609 and 610.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
REGAN, J., absent, takes no part