JANVIER, Judge.
The Plaintiff brought this suit against the Sanctuary Private School, Inc.; School Research Associates, Inc.; Alice D. Gau-det; James L. Earhart; and Raymond Mix claiming $2,062.50 allegedly due him for services as headmaster rendered under a contract with School Research Associates, Inc. It is alleged that the individuals named were incorporators of the Sanctuary Private School, Inc. and that while Alice D. Gaudet was not an incorporator of School Research Associates, Inc., she actively managed that corporation in hiring employees for Sanctuary Private School, Inc.
This suit was filed August 13, 1965, and citations on the corporation and the named individuals were prayed for.
On September 23, 1965 by supplemental petition, Plaintiff alleged that Alice D. Gaudet had concealed herself to avoid service of the petition and was also attempting to dispose of her assets before a judgment could be obtained and executed against her. These are two of the grounds for issuing a writ of attachment under LSA-C.C.P. art. 3541 which provides, inter alia:
“A writ of attachment may be obtained when the defendant:
(1) Has concealed himself to avoid service of citation ;
(2) Has mortgaged, assigned, or disposed of his property or some part thereof, or is about to do any of these acts, with intent to defraud his creditors or give an unfair preference to one or more of them;”
On these allegations Plaintiff prayed that a writ of attachment issue and that under it the sheriff be ordered “to attach and take into his possession property, credits, or rights belonging to the Defendant, Alice D. Gaudet, sufficient to satisfy the demand brought herein, and particularly the property described herein above [3335-37 and 3339-41 Dumaine Street].”
On April 11, 1966, Alice D. Gaudet filed exceptions of no right or cause of action averring that the wrong complained of was solely a corporate activity and accordingly the individual incorporators could not be held liable; also alleging the writ of attachment had been improvidently issued and should be dissolved; that any further seizure be enjoined; that any money already seized be ordered returned to her; and that she have judgment for damages sustained as a result of the illegal issuance of the writ of attachment plus attorney’s fees.
The matter went to trial on the rule to dissolve the writ of attachment and there was judgment dissolving the writ, ordering the money which had been seized to be turned over to Defendant, but denying the injunction.
From this judgment Plaintiff has appealed suspensively and the matter is now before us solely on the question of whether the writ of attachment was improvidently issued. In his reasons for dissolving the writ of attachment, the district judge stated that the evidence on Plaintiff’s allegation that Defendant was about to dispose of her property to the prejudice of creditors was entirely based on hearsay and that there was no substantial evidence to support this charge. We agree with this statement. Therefore the only remaining issue before us is whether the Defendant attempted to conceal herself to avoid the service of citation in the main demand.
In this regard, the district judge concluded that no attempt was made to serve Defendant prior to the filing of the petition for the writ of attachment and that for such a writ to properly issue there should have been an attempt to make service before filing the petition. Moreover, counsel for *320 Defendant in brief and oral argument argued this lack of prior attempted service of citation.
However, we are convinced from the record that there was an attempted service of citation prior to the filing of the petition for attachment.
The record shows that the Defendant resided at 1215 Valmont Street; that she owned the property bearing the number 3335 Dumaine Street; that it was at this latter address that she could have been served as agent for service of process for at least one of the school’s corporations; and that further, a substantial part of the operation of the business of the school was conducted at 3335 Dumaine.
Much of the testimony of the two deputies with respect to their attempting service at both the Valmont and Dumaine Street addresses is confusing. However, Deputy George Formaux testified clearly that he attempted to serve Defendant at her domicile unsuccessfully about five times in this suit; had been similarly unsuccessful in serving her in other suits; that on occasions when he was told Defendant was not at home he saw her car parked in front of her residence (he checked the license number) ; and that on one occasion he attempted to serve Defendant’s daughter who refused service and that he had to tape the citations to the door.
While it is true that most of Deputy Formaux’s testimony refers to attempted service after the filing of petition for attachment, there was one attempted service before this petition. The citation dated August 17, 1965 shows it was to be served on the Defendant individually. It is difficult to determine whether this attempt to make service was made at the building on Du-maine Street or the one on Valmont Street. On the back of the citation was the typewritten address 3335 Dumaine with a line drawn through it, and under it is written 1215 Valmont.
The return on this citation read: “Unknown at this address 8/17/65 10:10 a. m.” Under this notation were letters apparently the beginning of the name of Deputy Joseph Molano who was assigned to the area in which 3335 Dumaine Street is located. The citation is signed “Mol” through which letters it appears a line has been drawn, but this line also extends beyond the letters and we conclude it is a mere continuation of the signature and not any attempt to strike out the name. The record shows other signatures by Deputy Molano in which a pen line seems to be part of the name and sometimes it runs backwards through part of the letters.
As pointed out above, it is not clear whether the attempted service was made at the Valmont or the Dumaine address. If it was made at the Valmont address, which was the domicile of the Defendant, and if at that residence the Deputy was told Defendant was unknown there, this would, of course, have amply justified the belief Defendant was attempting to conceal herself in order to avoid citation. If, on the other hand, service was attempted at the Dumaine Street address, a more difficult question is presented. However, although 3335 Du-maine Street was not her legal domicile, and domiciliary service would not have been effective against her there, it was property owned by her, being used by the corporation which she represented, and where she could be served as a representative of the school. Therefore she should have been known at this address and a return which stated the contrary would also, in our opinion, justify the belief that she was instrumental in giving' false information to avoid citation.
In Boyd v. Labranche, 35 La.Ann. 285, the Supreme Court said:
“The validity of attachment process depends upon the conditions existing at the time it is sued out, and the circumstances as they give color to apprehensions or beliefs reasonably induced by a debtor’s conduct at the time.” 35 La.Ann. at 287.
Not only did Defendant’s conduct at the time before the petition for attachment was filed justify the belief that she was trying to *321 avoid citation, but subsequent unsuccessful attempts to serve her show beyond the least shadow of a doubt that Defendant was indeed concealing herself for that purpose.
For the above reasons the judgment of the trial court dissolving the writ of attachment is reversed and judgment rendered maintaining the writ.
Judgment reversed.