218 So.2d 59 (1969)
ASSOCIATE DISCOUNT CORPORATION, Plaintiff-Appellant,
v.
Chester HAVILAND et al., Clinton "Bill" Bazar, Garnishee, Defendant-Appellee.
No. 2549.
Court of Appeal of Louisiana, Third Circuit.
January 16, 1969.
Rehearing Denied February 5, 1969.
Dragon & Kellner, by Robert A. Dragon, Jr., Lafayette, for plaintiff-appellant.
*60 Tate & Tate, by Donald J. Tate, Mamou, for defendant-appellee.
Before FRUGÉ, SAVOY, and HOOD, JJ.
FRUGÉ, Judge.
On May 9, 1968, Associate Discount Corporation, the judgment creditor of Chester Haviland, instituted garnishment proceedings against Clinton "Bill" Bazar, the employer of Chester Haviland, the judgment debtor. The original judgment was in the amount of $1,883.82, with eight percent interest per annum from November 6, 1965 until paid, plus twenty-five percent of the interest as attorneys' fees and all costs. Plaintiff filed a petition for garnishment naming the judgment debtor's employer, Clinton "Bill" Bazar, as the garnishee. The petition was personally served on Mr. Bazar on May 11, 1968.
Upon service, Clinton Bazar warned Chester Haviland that his employment would be terminated unless suitable arrangements were made with the creditor. After taking time off from work supposedly to confer with the creditor, Haviland returned and assured defendant that the garnishment was suspended and that arrangements had been made. As a result, defendant failed to answer interrogatories attached to the petition of garnishment until June 12, 1968, when he learned of the filing of a "Motion for Judgment Pro Confesso" by the creditor on June 11, 1968. This motion sought judgment against defendant for the entire amount of the debt, plus attorney's fees for the rule of $110.00, all under Article 2413 of the Louisiana Code of Civil Procedure (1960).
After answering the interrogatories on June 12, 1968, defendant, Clinton Bazar, filed a "Motion to Deny Attorney's Fees to Seizing Creditor and to Fix Attorney's Fee of Garnishee". In the motion, he placed principal reliance upon the following as defenses against the garnishment petition.
1) The misnomer of the defendant as "Bill" Bazar, instead of his real name, Clinton Bazar, "Bill" being only a nickname.
2) Defective citation and petition.
3) Estoppel (Defendant's having been assured that arrangements had been made).
The trial court, after hearing evidence on both motions, dismissed the plaintiff's suit at his cost, and denied defendant attorney's fees. From this ruling, the plaintiff has appealed.
In its specification of error, plaintiff alleges that the trial court erred in finding that it was estopped from holding the garnishee responsible in this matter because it used a wrong name for the garnishee in the petition. Further, that the trial court erred in dismissing the entire matter at its cost.
Before getting to a discussion of the actual issues, we note that the record reveals that the defendant, Bill Bazar, did pay the judgment debtor, Chester Haviland, the sum of $150.00 after receipt of the petition of garnishment and interrogatories. It was also brought out on the trial of the motions that the judgment debtor, Chester Haviland, owed defendant the amount of $28.80.
In deciding this case, the court notes a number of possible issues, but only three of which are significant; namely, the issue as to waiver of improper citation and service, untimely answer to the petition and interrogatories, and the question as to the merits.
Of these more narrow issues, we shall discuss each separately.
1) Waiver.
Defendant claims that he was never properly before the court, even after answer to *61 the interrogatories, because the answer to the interrogatories is not a "pleading" under an interpretation of C.C.P. Art. 1312, Comment (d).[1] Furthermore, his "answer" sought no "relief" under Article 7, so again there was no appearance.
With the above propositions, we shall not wrestle, for the simple reason that we feel the motion filed by defendant entitled "Motion to Deny Attorney's Fee to Seizing Creditor and to Fix Attorney's Fee of Garnishee", did constitute an appearance, did ask for relief, and under the jurisprudence of this state, did constitute a waiver of any objections to the presence of the defendant before the court and a general appearance under C.C.P. Article 7. Of significance here, we quote from one of the averments from said motion, namely Number 6:
"That the fee of the garnishee's attorney for appearing in this court in answer to the defective Rule taken against garnishee, pursuant to defective garnishment process, is approximately $75.00, and his fee for answering the Interrogatories and corresponding with the attorney for the seizing creditor is approximately, $50.00."
The pertinent part of C.C.P. Article 7 reads as follows:
"* * * [A] party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than * * *."
The request by defendant for attorney's fees is not among the request for relief allowable under the article as not constituting an appearance. Therefore, under the jurisprudence, this request for attorney's fees was fatal to defendant's objections as to improper citation, improper petition, or generally the presence of the defendant before the court.
In the case of Doll v. Mallard, 95 So.2d 692 (Orl.La.App., 1957), the court had this to say:
"It is well settled in our jurisprudence that when one who has not been properly served with citation or upon whom there was no service voluntarily makes his appearance in the case, he thereby waives any right to object to the insufficiency of citation or the lack of it." (P. 693).
The above principle of procedural law has been observed and followed in numerous cases, among which we cite: Baton Rouge Building Trades Council v. T. L. James & Co., 201 La. 749, 10 So.2d 606 (1942); Stanley v. Jones, 197 La. 627, 2 So.2d 45 (1941); and the now famous case of Forbess v. George Morgan Pontiac Company, 135 So. 2d 594 (La.App. 2d Cir., 1961), wherein it was held that a request for damages, in an attempt to dissolve an attachment, constituted a general appearance and subjected the defendant to the jurisdiction of the court. Of this case, the late Dean Henry G. McMahon in 23 La.L.Rev. 378 at 381 (1963) had this to say:
"* * * The writer completely agrees with the majority holding that, by seeking the recovery of damages for the illegal issuance of the attachment, the defendant submitted to the jurisdiction of the court. This result is called for by the specific language of the general appearance article of the new Code [Art. 7], which provides. * * * A defendant makes a general appearance whenever he affirmatively invokes the jurisdiction of the court. * * *" (Emphasis supplied.)
By asking for attorney's fees, the defendant did affirmatively invoke the jurisdiction of the court, and therefore, we *62 feel, made a general appearance, and subjected himself to the jurisdiction of the court and impliedly waived all objections to citation, misnomer of defendant, or improper petition.
2) The failure of the defendant to answer the garnishment petition timely.[2]
Because the lower court ruled that the defendant was never properly before the court, it was not confronted with the issue as to what remedy was due the plaintiff, in view of the admitted failure of the defendant to timely answer the garnishment petition.
As to what must be done, we note articles 2412 and 2413 of the C.C.P. (1960). Article 2412, the last paragraph, states, "The garnishee shall file his sworn answers to the interrogatories within fifteen days from the date of service." (Emphasis added.) This article makes it mandatory that the answer be filed within fifteen days of service and since it is admitted that the answers were not filed until June 12, one month after receipt by defendant of the petition and interrogatories, automatically the provisions of Article 2413 are invoked.
Article 2413 is entitled "Effect of garnishee's failure to answer". In this article, we note the following pertinent language:
"If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. * * *
"Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property, or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.
"Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney's fee for the motion." (Emphasis ours.)
From this article, we denote that it is mandatory that plaintiff be awarded reasonable attorney's fees and cost for the motion filed by plaintiff because of garnishee's failure to timely answer the petition. As well, the court may decide that the defendant is liable for the total judgment. In any case, the lower court must award plaintiff reasonable attorney's fees and cost of the motion, and we hereby remand this case for the determination of the amount of said fees and cost to be awarded plaintiff, and for a determination as to defendant's liability for the entire judgment, interest and cost.
3) As to the merits.
Having decided that the defendant is properly before the court, a ruling which constitutes a reversal of the lower court, it is the opinion of the court that this case, as concerns the merits, will have to be remanded to the lower court. For determination by the lower court are the questions as to the amount wrongly paid to the judgment-debtor by the defendant, the amount of the exempt portion of the wages, the amount and manner in which, if provable, the indebtedness to the employer is to be paid him, and the award to the creditor from said wages paid. In addition, the amount of attorney's fees and cost already noted as due the plaintiff, will have to be set.
For the foregoing reasons, the judgment of the lower court is found to be erroneous and said judgment, dismissing plaintiff's *63 petition at his cost, is hereby reversed. The entire case is remanded to the lower court for the determinations as above noted, and for further proceedings not inconsistent with the views herein expressed. All costs so far incurred to be paid by defendant-garnishee.
Reversed and remanded.
NOTES
[1] Defendant's argument is that since the comment says that the interrogatories are not "pleadings", then the answer to the interrogatories is not a "pleading"therefore, he never made an appearance because of the answer.
[2] This case represents another one of those unfortunate situations in which the client waited too long to seek the advice of an attorney. Had the client done so at an earlier time, this entire matter would probably never have arisen.