REGAN, Judge.
The plaintiff, Harold de Montfort, filed this suit against the defendants, the Sanctuary Private School, Inc., the School Research Associates, Inc., Alice D. Gaudet, James L. Earhart, and Raymond Mix, endeavoring to recover the sum of $2,062.50, which he alleges is due to him for services rendered as headmaster of the Sanctuary Private School, Inc., pursuant to a contract entered into by him with the defendants. He further alleges that Alice D. Gaudet, James L. Earhart and Raymond Mix created several corporations for the purpose of defrauding creditors of the school, and Alice Gaudet used funds belonging to the corporations to acquire real estate purportedly to be used for the school, which she registered in her own name. He further alleged that she commingled corporate funds with her private funds and converted assets of the corporations for her own use in order to place them beyond the reach of the creditors of the respective corporations.
The defendant, Alice D. Gaudet, answered and generally denied the allegations of the plaintiff’s petition and asserted therein that Harold deMontfort possessed no cause of action against her individually for sums due on any contract of employment with the corporation. She admitted being an officer and stockholder with the Sanctuary Private School, Inc., and an officer in School Research Associates, Inc., and explained that it was in these capacities she sigend the contract of employment with the plaintiff.
In order to obtain service on Mrs. Gau-det, a writ of attachment was issued against her property located in 3235-37 Dumaine Street in the City of New Orleans, Louisiana,[1] which, in her reconven-tional demand, she insists was a wrongful seizure, and she requests an award of damages and attorney’s fees therefor, dissolution of the writ, payment to her of sums collected by the civil sheriff pursuant to the seizure, and an injunction prohibiting the plaintiff from seizing any other property belonging to her.
Judgment was rendered in favor of the plaintiff and against the defendants, the Sanctuary Private School, Inc., and School Research Associates, Inc., in the amount of $2,062.50; and in favor of Alice D. Gaudet dismissing the plaintiff’s suit against her at his costs; and in favor of the plaintiff dismissing Mrs. Gaudet’s reconventional demand.
From that judgment, the plaintiff has prosecuted this, appeal.
The trial judge thoroughly ana-lysed both the facts and the law applicable to this case in his written reasons for judgment, which, in our opinion, encompasses the issue so fully, that we adopt them as our own,
“This is a suit against two corporations and the individual officers and/or incor-porators of said corporations, seeking recovery of the balance due on a contract of employment between plaintiff, Harold deMontfort and School Research Associates, Inc. In the original suit, the defendants were The Sanctuary Private School, Inc. and School Research Associates, Inc. as well as the individuals *926 Alice D. Gaudet, James L. Earhart and Raymond Mix.
“At the commencement of the trial, the plaintiff abandoned his suit against James L. Earhart and Raymond Mix. With reference to the defendants The Sanctuary Private School, Inc. and School Research Associates, Inc., no answer was filed and the plaintiff took a preliminary default against the aforementioned two defendants on November IS, 1967. During the trial of this matter, plaintiff did prove the contract as well as the liability of the aforementioned two defendants and confirmed his claim against them for the balance due under the contract, as well as the 25% attorneys’ fees provided for in the contract.
“The primary defendant is Alice D. Gaudet and recovery is sought against her personally on the theory that the plaintiff was defrauded of the monies due him because of the actions of the defendant Alice D. Gaudet, an incorporator, stockholder and officer of School Research Associates, Inc. As stated by plaintiff’s attorney, plaintiff’s claim is urged on two grounds:
1. That the defendant Gaudet established or was instrumental in establishing and chartering several corporations, which corporations transferred assets between them and diverted assets of the debtor corporation to other corporate entities.
2. That Alice Gaudet converted corporate assets to her personal use, thus placing the assets beyond the reach of creditors.
“With reference to the several corporations, the evidence did establish that several corporations were formed with the intent of handling related activities. Although most of the plans never materialized beyond the actual creation of the corporations, the evidence did further establish that there was some transfer of assets between the said corporations. Because of that evidence, we have rendered judgment against two of the corporations, as prayed for. We know of no law prohibiting the formation of several corporations by the same stockholders and officers and if there is a commingling of funds between the corporations, certainly the several corporations become liable. However, merely because assets are transferred from one corporation to another does not indicate that the creditors were defrauded. There is no evidence in the record that the use of these multiple corporations was for the purpose of defrauding the plaintiff creditor or that the plaintiff creditor actually sustained a loss because of said intermingling of funds.
“Nor does the evidence establish that the defendant Alice D. Gaudet converted any of the corporate assets of any of the corporations to her personal use in order to deprive the plaintiff creditor of any assets due him. To the contrary, the evidence before this Court indicates that the defendant, Alice D. Gaudet, used a great deal of her own funds for the benefit of the corporations. The plaintiff relies strongly on the fact that Mrs. Gaudet purchased a certain piece of property and indicated that she was purchasing that property for the benefit of the corporation. This transaction took place after the contract between the plaintiff and School Research Associates, Inc. Furthermore, the funds used for the purchases of that property were not funds of any of the corporations but rather Mrs. Gaudet’s personal funds. The mere fact that she intended the corporation or corporations to have the benefit of that purchase when and if it or they were in a position to acquire that property does not indicate any intention whatsoever to defraud the plaintiff or to deprive him of any right or interest that he might have.
“We find the plaintiff has failed to establish any fraud or wrongdoing on *927 the part of the defendant Gaudet or that he suffered any loss or was deprived of any right as a result of any action of the defendant Gaudet. Accordingly, we can find no liability under the láw of the said defendant Gaudet.
“Therefore, there will be judgment in favor of the plaintiff, Harold de Mont-fort and against The Sanctuary Private School, Inc. and School Research Associates, Inc. in the full and true sum of $2,062.50, with interest from judicial demand until paid and for all costs.
“Further, there will be judgment in favor of the defendant Alice D. Gaudet and against the plaintiff Harold de Montfort, dismissing plaintiff’s suit as to this defendant only, at plaintiff’s costs.”
Counsel for the defendant conceded in open court that his answer to this appeal wherein he requested damages for unlawful seizure and attorney’s fees should be rejected.
For the foregoing reasons, the judgment of the lower court is hereby affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed,

. de Montfort v. Sanctuary Private School, 196 So.2d 318 (La.App.1967).