379 So.2d 798 (1980)
YORKWOOD SAVINGS AND LOAN ASSOCIATION
v.
Alvin THOMAS, Jr. and Gloria Dean Thomas.
No. 10317.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1980.
Adcock, Dupree & Shows, Sharon E. May, Jerry F. Davis, Baton Rouge, for plaintiff-appellant.
Robert H. Matthews, New Orleans Legal Assistance Corp., Patrick D. Breeden, New Orleans, for defendants-appellees.
Before SAMUEL, GULOTTA and GARRISON, JJ.
*799 GARRISON, Judge.
Plaintiff appeals from a judgment dissolving the writ of sequestration by which it had seized defendant's mobile home. We affirm, on the basis that plaintiff failed to allege or prove the grounds upon which writ was issued.
Plaintiff's petition combined a suit on a note and chattel mortgage with a prayer for sequestration, which stated:
"The mortgaged property is presently in the possession of defendants and it is within their power to conceal, dispose of, or part with or remove same from this parish during the pendancy of this suit, and in order to protect the rights of petitioner, a writ of sequestration should issue herein directing the seizure of said mortgaged property."
This allegation is basically a restatement of C.C.P. Art. 3571, which lists the grounds for sequestration. C.C.P. Art. 3506 provides, "The defendant by contradictory motion may obtain the dissolution of a writ of attachment or sequestration, unless the plaintiff proves the grounds upon which the writ was issued. * * *" The defendants filed a motion to dissolve the writ and a hearing was held on the motion, but there was no testimony or other evidence presented by either side. The trial judge granted defendant's motion without giving either oral or written reasons.
C.C.P. Art. 3501 provides:
"A writ of attachment or sequestration shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance for the writ clearly appear from specific facts Shown by the petitioner verified by, or by the separate affidavit of, the petitioner, his counsel, or agent. * * *" [Emphasis added.]
Art. 3501 must be strictly and literally complied with because it deals with the extremely harsh remedy of a conservatory writ. Hancock Bank v. Alexander, 237 So.2d 669 (La.1970). A mere conclusory allegation of plaintiff's grounds, such as appears here, fails to show the specific facts constituting petitioner's grounds, and therefore fails to satisfy Art. 3501'§ requirements. See Hancock v. Alexander, supra. The writ was properly dissolved.
Moreover, even had plaintiff's allegation been sufficient, plaintiff utterly failed to prove these grounds at the hearing on the motion to dissolve. Once defendant files a motion to dissolve, the burden of proof is shifted to the plaintiff to establish the facts constituting grounds for issuance of the writ. C.C.P. Art. 3506; Charles A. Kaufman C., Ltd. v. Gregory, 244 La. 766, 154 So.2d 392 (1963). (Although the Kaufman case dealt with attachment rather than sequestration, the provisions of C.C.P. Art. 3506 apply to either writ.) Plaintiff here utterly failed to discharge its burden of proof; thus, defendant was entitled to the order of dissolution.
For the reasons above, the district court's judgment is affirmed.
AFFIRMED.