694 So.2d 453 (1997)
BARNETT MARINE, INC.
v.
Ary VAN DEN ADEL and Wiggans International, et al.
No. 96-CA-1029.
Court of Appeal of Louisiana, Fifth Circuit.
April 9, 1997.
*455 W.L. West, S. Scott Bluestien, New Orleans, for Plaintiff/Appellant.
Cary A. Des Roches, Ladson, Odom, Des Roches, L.L.P., New Orleans, for Defendant/Appellee Ary Van Den Adel.
John H. Clegg, Douglas L. Grundmeyer, Daphne P. McNutt, Gina M. Venezia, New Orleans, for Defendant/Appellee Wiggans International.
Before BOWES, WICKER and DALEY, JJ.
DALEY, Judge.
Appellant, Barnett Marine, Inc. (Barnett Marine), suspensively appeals an August 27, 1996, judgment that denied a Motion to Set Motion for Dissolution of Writ of Attachment for Trial, Motion for New Trial or Reconsideration, Motion to Set Dilatory Exceptions for Trial and Motion for Stay of Judgment. On appeal, Barnett Marine argues that the defendants, Wiggans International (Wiggans) and Ary van den Adel, made a general appearance in the case proceedings after the default judgment was confirmed, and thus have waived any grounds for asserting the absolute nullity of the default judgment based upon lack of citation and service. Next, appellant argues that the trial court erred in dissolving the Writ of Attachment and awarding damages and attorney's fees to Wiggans. Last, appellant contends the trial court erred in refusing to order the issuance of a new Writ of Attachment immediately upon the filing of Barnett Marine's Amended Petition. For the reasons that follow, we affirm the trial court's judgment.
This case presents an involved procedural history. The record shows that Barnett Marine, doing business as Oil Field Barges, entered into Bareboat Charter Agreement with Glenway Americas for a certain cargo barge designated as OB 183. The original action was begun by appellant, Barnett Marine, in June, 1995, against nonresident defendants[1] by the filing of a Petition for Writ of Attachment and Money Judgment after Barnett failed to receive payment for the charter. In its petition, Barnett Marine alleges that the corporate defendants were all alter egos of one another and of the individual defendant, Ary van den Adel, although the record contains no proof of this allegation. Barnett Marine sued all of the "alter egos" and served all of the defendants via the Long Arm Statute by mailing the citation and service to a Mr. Nico Vandenworm in Houston, Texas, the representative of Glenway Americas. A Writ of Attachment against property owned by Wiggans located inside the state was issued pursuant to LSA-C.C.P. art. 3541(5). The Writ of Attachment was executed by the Sheriff on June 13, 1995, with Barnett Marine named custodian of the seized property, which was located on their barge inside their facility.
Appellant alleges that each defendant was properly served via the Louisiana Long Arm Statute, LSA-R.S. 13:3201 et seq. Proof of service was filed into the record on July 19, 1995. This proof of service shows that service for all the defendants was made on a Mr. Nico Vandenworm in Houston, Texas, by certified mail addressed personally to Mr. Nico Vandenworm. A preliminary default was entered *456 on August 23, 1995, and on August 30, 1995, a default judgment was entered against all defendants except Glenway Americas, Inc., who had answered and filed cross claims against the other defendants.
According to Barnett Marine's appellate brief, they were contacted via telephone by Wiggans' counsel on or about October 11, 1995. Barnett Marine requested the issuance of a Writ of Fieri Facias directing the Sheriff to sell the seized equipment. By letter dated October 30, 1995, Barnett Marine notified Wiggans' counsel of the Writ of Fieri Facias.
On November 3, 1995, Wiggans and van den Adel filed a Notice of Removal of the case to the United States District Court for the Eastern District of Louisiana. The Notice of Removal was filed into the record of this proceeding. (On January 29, 1996, the District Court ultimately ordered the case remanded to State Court for the failure to comply with removal procedures.)
On February 1, 1996, Wiggans filed a Motion to Annul Default Judgment and Dissolve Writ of Fieri Facias, Motion for Dissolution of Writ of Attachment and to Assess Statutory Damages and Attorney's Fees. On February 21, 1996, van den Adel filed a Motion to Annul Default Judgment. After receiving extensive memoranda for and against the motions, the trial court conducted a hearing on March 5, 1996, and rendered judgment on June 18, 1996, in favor of Wiggans and van den Adel, nullifying the default judgment against both defendants, dissolving the Writ of Attachment and the Writ of Fieri Facias and awarding Wiggans statutory penalties and attorney's fees.
Barnett filed various post-trial motions, which were denied by the trial court on August 27, 1996. Thereafter, Barnett perfected this suspensive appeal.

Analysis
First, we note that the July 18, 1996 judgment nullifying the default judgment and dissolving the Writ of Attachment and awarding Wiggans damages and attorney's fees was never appealed itself. Barnett Marine applied for and received an ex parte stay of that part of the judgment nullifying the default judgment against Wiggans, pending the determination of other matters. This stay was lifted by the judgment appealed from, rendered August 27, 1996. Therefore, the merits of the nullity are not properly before us, nor of the dissolution of the writ of attachment and damages, since that judgment was never appealed, but in an abundance of caution this error is addressed.
LSA-C.C.P. arts. 2002-2004 set forth the grounds for the nullity of a judgment.
Art. 2002. Annulment for vices of form; time for action
A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.
Art. 2003. Same; action lost through acquiescence
A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.
Art. 2004. Annulment for vices of substance; peremption of action
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
Wiggans contends that the default judgment is absolutely null because valid citation and service of process were never made as to them. A judgment that is rendered when there exists a vice of form is an *457 absolute nullity. Roach v. Pearl, 95-1573 (La.App. 1 Cir. 5/10/96), 673 So.2d 691. An absolutely null judgment may be attacked in direct or collateral proceedings at any time and before any court, and is not subject to the requirements of an action for nullity for fraud or ill practices under C.C.P. art. 2004-2006. Roach v. Pearl, at 693.
At the hearing on the Motion for Nullity, counsel for Barnett Marine argued that the Long Arm Statute merely requires the mailing of pleadings to an address that is reasonably calculated to put the defendant on notice of the suit and that mailing all the defendants' petitions to Vandenworm satisfies the statute's requirements.
In the transcripts of the federal removal proceedings, which were introduced as an exhibit at the nullity hearing, Vandenworm testified that he was not an agent for service of process for either van den Adel or Wiggans, and indeed did not know who Wiggans was at the time he received the pleadings. Barnett Marine did not introduce any evidence that the multiple defendants were in fact alter egos of each other.
We find that Barnett Marine's service and citation was void and defective as to Wiggans and van den Adel. The Long Arm Statute was adopted to permit the courts of this state to tap the full potential of in personam jurisdiction over non-residents consistent with the due process clause of the Fourteenth Amendment of the United States Constitution. Clay v. Clay, 389 So.2d 31 (La. 1979). Just as personal jurisdiction over residents cannot be maintained without valid personal or domiciliary service as required by law, personal jurisdiction over non-residents is fully dependent on strict compliance with the Long Arm Statute's procedural requirements. LSA-R.S. 13:3201-3207. Id. Only when plaintiff's counsel sends to defendant by registered or certified mail a certified copy of the citation and petition in a suit under the Long Arm Statute does such service have the same legal force and validity as personal service made on the defendant within the state (emphasis added). LSA-R.S. 13:3204. Id. at 37. Valid service of process under the Long Arm Statute cannot be effected on a defendant by directing service to his place of employment by certified mail. Drago v. Drago, 477 So.2d 786 (La.App. 5 Cir.1985).
In the instant case, citation and service of process was mailed to a different person than defendants, who was not their agent for service of process, at an office address that was not connected in any way to either defendant. The question of compliance with the Long Arm Statute is not even close. Plaintiff has not validly served either defendant.
Nor do we find that either defendant made a general appearance. A general appearance is defined by LSA-C.C.P. art. 7, in pertinent part:
Art. 7. Same; implied waiver of objections by general appearance
A. Except as otherwise provided in this Article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
Barnett Marine cites Cook v. Deshautreaux & Klein Pediatric Clinic, 294 So.2d 591 (La.App. 4 Cir.1974), for the proposition that the filing of any pleadings after the default judgment has been rendered constitutes a general appearance. However, the Cook case specifically found that the defendants' post trial Motion for New Trial constituted a general appearance because of the substance of its argument; it sought a new trial on the grounds of newly discovered evidence. The motion did not argue the absolute nullity of the default judgment for failure of service and citation.
*458 Barnett Marine also cites Doll v. Mallard, 95 So.2d 692 (La.App.Orleans 1957). In that case, a general appearance was found, because a post-trial Motion for New Trial argued both the absence of service of process and other additional grounds. Thus, Doll is distinguishable.
Defendant's Notice of Removal is, in and of itself, an attempt to divest the trial court of jurisdiction. The filing of the Notice of Removal did not constitute a waiver and a general appearance. In that notice, defendants clearly state that they have never been served with the citation and petition, and that the granting of the default judgment against them amounts to a gross deprivation of due process.
Next, Barnett Marine argues that the trial court erred in dissolving the Writ of Attachment and awarding Wiggans statutory penalties and attorney's fees.
The law governing writs of attachment is found in LSA-C.C.P. arts. 3501, 3506, 3541, 3545 (pertinent to this case).
Art. 3501. Petition; affidavit; security
A writ of attachment or of sequestration shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent.
The applicant shall furnish security as required by law for the payment of the damages the defendant may sustain when the writ is obtained wrongfully.
Art. 3506. Dissolution of writ; damages
The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or of sequestration is dissolved, the action shall then proceed as if no writ had been issued.
The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits.
Art. 3541. Grounds for attachment
A writ of attachment may be obtained when the defendant:
(1) Has concealed himself to avoid service of citation;
(2) Has granted a security interest under Chapter 9 of the Louisiana Commercial Laws (R.S. 10:9-101, et seq.), or has mortgaged, assigned, or disposed of his property or some part thereof, or is about to do any of these acts, with intent to defraud his creditors or give an unfair preference to one or more of them;
(3) Has converted or is about to convert his property into money or evidences of debt, with intent to place it beyond the reach of his creditors;
(4) Has left the state permanently, or is about to do so before a judgment can be obtained and executed against him; or
(5) Is a nonresident who has no duly appointed agent for service of process within the state.
Art. 3542. Actions in which attachment can issue
A writ of attachment may be obtained in any action for a money judgment, whether against a resident or a nonresident, regardless of the nature, character, or origin of the claim, whether it is for a certain or uncertain amount, and whether it is liquidated or unliquidated.
Art. 3545. Nonresident attachment; venue
An action in which a writ of attachment is sought on the sole ground that the defendant is a nonresident may be brought in any parish where the property to be attached is situated.
The articles providing for a Writ of Attachment or Sequestration must be strictly and literally complied with because this remedy is extremely harsh. Yorkwood *459 Savings and Loan v. Thomas, 379 So.2d 798 (La.App. 4 Cir.1980). Once the defendant files a Motion to Dissolve, the burden of proof is shifted to the plaintiff to establish facts constituting grounds for the issuance of the Writ of Attachment. Id.
The validity of the attachment process is determined on the facts known and existing at the time the attachment is requested. DeMontfort v. Sanctuary Private School, 196 So.2d 318 (La.App. 4 Cir.1967).
The June 13, 1995, Writ of Attachment seized the crane belonging to Wiggans which was located on board the barge OB 183, the charter for which Barnett Marine had not been paid by Glenway Americas. It is important to note that the only defendant who was a party to the Bareboat Charter Agreement was Glenway Americas, Inc. Barnett Marine sued Wiggans on its assumption that Wiggans was an alter ego of Glenway Americas, but never offered proof of this relationship in the record of these proceedings, other than its statement that it believed this relationship to exist. Furthermore, we have already established that no valid citation and service was ever made on Wiggans. Under these circumstances, there existed no good faith legal basis for the attachment of property belonging to Wiggans. There was no showing that Wiggans was indebted to Barnett Marine in any way. As such, the Writ of Attachment was correctly dissolved and Wiggans is clearly entitled to statutory penalties and attorney's fees in this matter.
Next, Barnett Marine argues the trial court erred in refusing to issue a new Writ of Attachment following proper service on Wiggans of Barnett Marine's Amended Petition.
In determining whether a Writ of Attachment should issue, we look to the criteria established in LSA-C.C.P. arts 3501 and 3541, and 3542. A Writ of Attachment, in the case of a non-resident, is not merely a conservatory writ, but is the basis and foundation of jurisdiction which cannot be acquired except under strict compliance with the law authorizing the process. Therefore, in the absence of personal service on a nonresident defendant, compliance with the formalities of the law must be strictly observed. Eden v. Johnson, 176 So.2d 476 (La.App. 2 Cir.1965); South Street Lumber Company v. Dickerson, 235 La. 1062, 106 So.2d 513 (1958).
The record shows that Barnett Marine served Wiggans via the Long Arm Statute in the British Virgin Islands. Barnett Marine's Amended Petition alleges that Wiggans is an undisclosed principal of Glenway Americas. The petition further states that Wiggans is a nonresident who has appointed no agent for service of process in Louisiana.
Further, the petition alleges that a second Bareboat Charter Agreement was convected between Barnett Marine d/b/a Oil Field Barges, Glenway Americas and Wiggans as a principal, which agreement is attached as an exhibit. The petition alleges that Barnett Marine has not been paid under the second charter agreement from April 17, 1995 through May 19, 1995. An invoice for the charter services is attached as an exhibit, as are invoices for the off loading of the crane and storage charges. Barnett Marine states that the Wiggans crane is currently in storage at Barnett Marine's Lafitte location. The petition alleges that Barnett Marine has obtained certain rights of pledge against Wiggans' crane equipment as per LSA-C.C. arts. 3224 and 3225.
The Amended Petition alleges no other grounds for the issuance of the Writ of Attachment other than the nonresidency of Wiggans as per LSA-C.C.P. art. 3541(5).
At a hearing on July 25, 1996, the trial court denied Barnett Marine's request for the reissuance of the Writ of Attachment.
On August 15, 1996, Wiggans answered the Amended Petition, thereby making a general appearance and subjecting itself to the jurisdiction of the court.
The record further shows that Barnett Marine filed a Verified Complaint in the Federal District Court on July 26, 1996, and obtained an ex parte arrest of the Wiggans crane at the Lafitte location. This filing occurred one day after the State Court hearing in which the trial court denied Barnett Marine's request for a second Writ of Attachment. Wiggans filed a Motion to Deny or Defer Consideration *460 of Barnett's Request for Reissuance of Writs of Attachment and Issuance of Sequestration on August 5, 1996, which the court set for hearing on a Rule to Show Cause on September 19, 1996. The records ends here, and contains no transcript of this hearing, if it did take place.
The issuance of a Writ of Attachment solely on the grounds found in LSA-C.C.P. art. 3541(5) is moot now that Wiggans has answered the suit and has thereby provided the basis for the court's jurisdiction over it.
Accordingly, the trial court's judgment is affirmed. Costs of this appeal are taxed to Barnett Marine.
AFFIRMED.
NOTES
[1] The defendants are Ary Van Del Adel (the individual defendant), Glenway Americas, Inc., Glenmore Marine Contractors, Inc., Glenmore Heavy Lifting, Ltd., Glenmore Management B.V., and Wiggans International (the corporate defendants).