JgTHOMAS F. DALEY, Judge.
The plaintiff has appealed the trial court’s dismissal of its petition and dissolution of its Writ of Attachment. For the reasons which follow, we affirm in part and reverse in part.
FACTS:
Plaintiff, Stranco, Inc., filed a Petition on Open Account and Request for Attachment on September 10, 2001. Named as defendants were Greater New Orleans Landfill, Inc., (GNOL), Southern Recovery Management, Inc., (Southern), Joseph Marcello, and S. Joseph Segreto. The petition alleged that the plaintiff had performed certain work to Segreto and Southern related to the closure of GNOL, and had not been paid despite amicable demand for payment. The petition also alleged that Southern had been utilizing the assets and equipment of GNOL and that the two were being operated as a single business. The petition further alleged that assets of GNOL |3were being sold and the funds from the sale of such assets were being converted to the personal use of Marcello. A Writ of Attachment seeking to attach the bank accounts of GNOL and Southern was attached to the petition. The attachment stated the attachment would be issued upon posting of the appropriate bond and was signed by the trial judge on September 11, 2001. Although the notation on the petition requested service on all defendants, no attempt at service was made. Plaintiff was notified on September 19, 2001 that a bond must be posted prior to the petition and attachment being issued. On September 26, 2001, plaintiff filed a Motion to Appoint a Special Process Server to serve the defendants and banks. On that same date, plaintiff filed a Writ of Attachment having posted the appropriate bond. The motion and attachment were signed by the trial judge on September 26, 2001. All defendants and the banks were served that same date by a Special Process Server.
On October 11, 2001, defendants filed an Exception and Motion to Dissolve the Attachment. The defendants alleged that service was improper and there were no grounds for attachment. The defendants prayed for costs and attorney fees. A hearing was held on November 2, 2001. At the conclusion of the hearing, the trial judge granted the motion dissolving the attachment and dismissed the entire proceeding. Plaintiff sought supervisory review from this court[1], but was instructed that because this judgment dismissed the action as to all defendants, it was a final appealable judgment, and the appropriate remedy was by appeal. This appeal followed.
^DISCUSSION:
On appeal, the plaintiff argues the trial court erred in dismissing its petition and dissolving the Writ of Attachment. Plaintiff argues that no Motion to Dismiss was filed and that plaintiff should have been granted leave to cure the defect in service. The defendants respond that they did indeed pray for dismissal of the entire petition in their Motion to Dissolve the Attachment.
*793 A review of the record shows that at the conclusion of the hearing, the trial judge stated the attachment was dissolved and awarded attorney fees. Nowhere in the transcript does the trial judge state that the plaintiffs petition is dismissed. The last line of the judgment signed by the trial court dated November 2, 2001 states: “It is further ordered, adjudged, and decreed that the above captioned proceeding be, and it is hereby, dismissed as to' all defendants.” ■ Code of Civil Procedure article 3506 provides that if a Writ of Attachment is dissolved, the action “shall then proceed as if no writ had been issued.” We find that the trial judge erred in dismissing the entire petition as there was no basis for dismissal of the entire petition. The issue before the court was the dissolution of the attachment. The merits of the Petition on Open Account were not before the court. Therefore, the portion of the judgment dismissing plaintiffs proceeding is reversed.
In their Motion to Dissolve the Attachment, the defendants argued that they were never properly served with the petition and attachment and that there were no grounds for attachment. In ruling on defendants’ motion, the trial judge stated:
To this date, even with all the attempts, the banks haven’t properly been served, you know, so there are all sorts of problems with the service.
In addition to that, the Court finds there to be, the plaintiff failed in his burden of proof, as far as the verified petition, they failed to substantiate the allegations in the petition.
IsOn appeal, the plaintiff argues the trial judge erred in dissolving the Writ of Attachment because defendants were in the process of closing their business and liquidating the assets and refused to pay Stran-co’s bill. Plaintiff claims these facts are sufficient to support the Writ of Attachment. Plaintiff goes on to argue that defendants failed to produce any evidence to contradict the sworn testimony that the defendants operated as a single business entity. Defendants respond that plaintiff had the burden of proving the grounds for the attachment and failed to do so.
The following Code of Civil Procedure articles govern pre-judgment attachment of property:
C.C.P. art. 3501
A writ of attachment or of sequestration shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of the petitioner, his counsel or agent.
C.C.P, art. 3541
A writ of attachment may be obtained when the defendant:
(3) Has converted or is about to convert his property into money or evidences of debt, with' intent to place it beyond the reach of his creditors.
C.C.P. art. 3506
The defendant by contradictory motion ' may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or of. sequestration is dissolved, the action shall then proceed as if no writ had been issued.
The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand. Attorney’s fees for the services rendered in connection with the dissolution of the writ may be included’as an element of damages whether the writ is dissolved on a motion or after trial on the merits.
*794 A Writ of Attachment may be obtained in any action for a money judgment. C.C.P. art. 3542. Because the attachment remedy is extremely harsh, the articles providing for Writ of Attachment or sequestration must be strictly complied with. Barnett Marine, Inc., v. Van Den Adel., 96-1029 (La.App. 5 Cir. 4/9/97), 694 So.2d 453, writ denied; 97-1236 (La.9/26/97), 701 So.2d 983. Once the defendant files a Motion to Dissolve a Writ of Attachment, the burden of proof shifts to the plaintiff to establish the facts constituting grounds for the issuance of the Writ of Attachment. Id.
At the hearing on this matter, plaintiff called three witnesses. The first' witness, Colleen McCarthy, was an employee of Hibernia, the bank where two of GNOL’s accounts were frozen. Ms. McCarthy testified that a trust was set up to pay the expenses incurred with the closure of GNOL. The trust provides that the bills for work performed are submitted to the Department of Environmental Quality (DEQ) and once they are approved, they are forwarded to Hibernia for payment. She testified that she had not seen any bills from Stranco and that GNOL cannot withdraw funds from this account without the express written directive of DEQ.
The second witness to testify was Donna Cooper. She testified that she was the secretary for Stranco and verified the petition filed in this action. She testified that Segreto and Marcello were the two people Stranco dealt with regarding work done on GNOL and Southern. Ms. Cooper admitted that she did not know if these men were the owners of either corporation. She testified that Stranco was notified by another creditor of GNOL that an auction was being held to sell GNOL’s equipment. She further testified that Stranco was told that the funds from the auction were being forwarded to Marcello. However, on cross-examination, Ms. Cooper admitted that |7she had no knowledge of exactly which assets were being sold or that these funds were converted to Marcello’s personal use.
Finally, Dawn Houvenaeghel, an employee of plaintiffs attorney’s law firm, testified regarding steps taken to serve the defendants. Ms. Houvenaeghel testified that when the petition was filed, service was requested. The bond was obtained and Ms. Aubert, the person appointed process server, filed the September 26 attachment. Ms. Houvenaeghel testified that Ms. Aubert took the attachment to the sheriffs office and requested service. Ms. Houvenaeghel testified that “Michelle” from the sheriffs office called and said there was no way the attachment could be served immediately. Ms. Houvenaeghel testified that Ms. Aubert was appointed process server and served the defendants and the banks the same day. Ms. Houve-naeghel explained that when they received defendants’ motion stating that proper service had not been effected, Ms. Aubert obtained certified copies from the sheriffs office and took them to the Orleans Parish Civil Sheriffs Office for service on the banks. Ms. Houvenaeghel then contacted the Jefferson parish clerk’s office who informed her service had been made on the banks. At that point, Ms. Houvenaeghel then spoke to Colonel Pullen of the Jefferson Parish Sheriffs Office who told her that there had been no service of the petition and attachment by the sheriffs office. Ms. Houvenaeghel testified that Ms. Au-bert was again appointed special process server and the defendants were served again. On cross examination, Ms. Houve-naeghel admitted that they did not wait five days after service was requested to appoint the special process server because they did not have five days to wait.
*795 Code of Civil Procedure article 1291 states that service “shall be made by the sheriff of the parish where service is to be made or of the parish where the action is pending.” Article 1293 provides for service by a private person stating:
| ¡¡When the sheriff has not made service within five days after receipt of the process or when a return has been made certifying that the sheriff has been unable to make service, on motion of a party the court may appoint any person not a party over the age of majority and residing within the,state, to make service of process ...
The record indicates that on September 10, 2001, plaintiff filed the petition and attached the Writ of Attachment to the petition. On September 19, 2001 the Clerk of Court sent notification to plaintiffs counsel stating:
For us to issue in the above case number, the following documents will be necessary:
(X) BOND SECURITY IN THE AMOUNT OF $115,629.43 BEFORE ANYTHING CAN BE ISSUED.
(XX) MISCELLANEOUS: PETITION ON OPEN ACCOUNT & REQUEST FOR ATTACHMENT FILED ON 9/10/01.
The record indicates that plaintiff on September 26, 2001 at 2:17 p.m. plaintiff filed a Motion to Appoint a Private Process Server. The motion is void of any reasons why the sheriffs office was not able to serve defendants. The record indicates that plaintiff obtained a bond for the Writ of Attachment and filed it into the record on September 26, 2001 at 2:18 p.m. Thus, it is clear that the grounds for having a special process server appointed pursuant to C.C.P. art. 1293 did not exist at the time the motion was filed. The trial judge correctly found that the service on defendants was not proper.
Furthermore, at the hearing on the defendants’ Motion to Dissolve the Attachment, the plaintiff failed to carry the burden of proving the grounds for the attachment. The suit on open account alleged that money was owed to Stranco by the defendants GNOL, Southern, Marcello, and Segreto, yet the invoices attached to the petition are addressed to Segreto and Southern. ' The petition alleges that “Stranco provided progress work to Segre-to and Southern Recovery on clay cover and ^vegetative cover for final closure at the GNOL” and that these balances have not been paid. The petition further alleges that Southern “has been utilizing the assets and equipment of GNOL, and services acquired by GNOL,- for the benefit of Southern Recovery and GNOL, such that GNOL and Southern Recovery are being operated as a single business enterprise.” The petition further alleges that Marcello has been selling assets of GNOL and converting proceeds of the sales to personal use. These were the alleged grounds for the Writ of Attachment. When the defendants filed the Motion to Dissolve the Attachment, the plaintiffs had to prove that these allegations were true. The testimony and exhibits presented by plaintiff at the hearing failed to carry this burden. Ms. Cooper’s testimony did not establish the relationship between Southern and GNOL. Her testimony as to the proceeds from the sale of GNOL assets being converted to personal use by Marcello was insufficient to establish this allegation.
For the foregoing reasons, the portion of the judgment dismissing plaintiffs petition is reversed and the portion of the judgment dissolving the Writ of Attachment is affirmed. This matter is remanded to the trial court for further proceedings. Plaintiff will have ninety (90) days from the date of this opinion to perfect proper service of the defendants.
*796 AFFIRMED IN PART; REVERSED IN PART.

. Ol-C-1289