JOAN BERNARD ARMSTRONG, Chief Judge
hThe relator, Shirley Basile Singreen, is the curator appointed to represent the de *60 fendant, Janette G. Moss, a/k/a Janette McLendon Moss, in this action for recognition of a foreign judgment. Relator seeks review of the denial of her declinatory exception of lis pendens, her dilatory exception of prematurity, and her peremptory exception of no cause of action to plaintiff, Larry 0. Littleton’s, petition for writ of attachment. (See also our contemporaneous opinion in companion writ #2005-C-0613.)
Plaintiff-respondent, Larry 0. Littleton, filed the instant petition for recognition of foreign judgment on March 22, 2003, to enforce a Texas state court judgment in the principal amount of $1.8 million rendered in his favor and against the nonresident defendant. Plaintiff had Mrs. Sin-green appointed curator for defendant, and served the curator with the petition.
On July 20, 2004, plaintiff sought to have the defendant’s beneficial interests in the Gay Noe McLendon Grantor Trust for the Benefit of Janette McLendon Moss and The Janette McLendon Trust Established Under the Will of Gay Noe McLendon attached by having a writ of attachment served on the trustee of those trusts, Donald H. McDaniel. Mr. McDaniel filed a motion to dissolve the writ of ^attachment. The trial court denied the trustee’s motion to dissolve. He then applied to this Court for writs. This court granted Mr. McDaniel’s writ application[1] and dissolved the writ of attachment on the ground that the defendant, Ms. Moss, had a registered agent for service of process who had not been served with the suit.[2]
On August 10, 2004, plaintiff served a second writ of attachment on Mr. McDaniel, as well as a garnishment citation. Curator filed her exceptions of lis pendens, prematurity, no cause of action, and what, as amplified by her accompanying memorandum, was a declinatory exception to the court’s jurisdiction over the person.
A written judgment denying the exceptions was signed on March 21, 2005.[3]
Curator raises four claims of error in the instant writ application. Three of those were addressed and found to be without merit in the companion writ to this one, 2005-C-0613, involving the denial of the trustee’s exceptions, the same ones filed by curator.
The only issue argued by curator in the instant writ application that was not argued, addressed and disposed of in 2005-C-0613 is that the trial court erred in holding that plaintiffs August 10, 2004 petition for writ of attachment stated sufficient facts to maintain personal jurisdiction over debtor/defendant Janette Moss; and that the trial court erred in holding that the petition stated a cause of action for attachment of her property in Louisiana. Curator argues that the petition failed to state that the revocation by Ms. Moss’ agent for service of process had [¡¡been “registered” with the Secretary of State, as curator submits is required by law. Curator cites La. C.C.P. art. 3501 and La. C.C.P art. 3541(5).
La. C.C.P. art. 3501 states:
A writ of attachment or of sequestration shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from *61 specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent.
La. C.C.P. art. 3541 sets .forth the grounds for attachment, and states in pertinent part:
A writ of attachment may be obtained when the defendant:
* * *
(5) Is a nonresident who has no duly appointed .agent for service of process within the state.
Curator cites plaintiffs petition for the August 10, 2004 writ of-attachment, which states in pertinent part:
11.
The Louisiana Secretary of State records reflect that Moss reported Malcolm Monroe and Marian Mayer Berkett as agents for service of process in 1983. However, Malcolm Monroe died on July 30, 2001. Marian Mayer Berkett has indicated to undersigned counsel that she no longer represents Moss and that she is no longer Moss’s agent for service of process. Furthermore, on August 9, 2004, prior to the filing of this Petition for Writ of Attachment, Ms. Berkett filed a letter with the Secretary of State revoking her status as Moss’s registered agent for service of process. Moss therefore has no duly appointed agent for service of process in the State of Louisiana.
Curator cites the well-settled rule that because the attachment remedy is extremely harsh, the articles providing for writs of attachment must be strictly 1 ¿complied with. Stranco, Inc. v. Greater New Orleans Landfill, Inc., 02-213, p. 6 (La.App. 5 Cir. 6/26/02), 822 So.2d 791, 794. Curator also cites this Court’s prior writ decision in the case, Littleton v. Moss, unpub., 2004-1620 (La.App. 4 Cir. 11/17/04), writ denied, 2005-0369 (La.4/8/05), 899 So.2d 10, where this Court reversed the trial court’s denial of the trustee’s motion to dissolve the first writ of attachment on the ground that Janette Moss had an agent for service of process registered with the Louisiana Secretary of State on the date the petition for the writ was filed and the writ issued, July 20, 2004, as Ms. Berkett had not yet filed her letter with the Secretary of State revoking her status as registered agent for service of process for the defendant, Ms. Moss. That letter was not filed according to the plaintiffs own pleadings until some time later on August 9, 2004. In reaching its decision, this Court noted that under La. C.C. art. 3027 a revocation or modification of a recorded mandate is ineffective until filed for recordation as to the persons entitled to rely upon the public records. In other words, the first writ of attachment was defective because, as a matter of public record, Ms. Berkett was still the registered agent for service of process for the defendant.
Curator analogizes Yorkwood Savings and Loan Association v. Thomas, 379 So.2d 798 (La.App. 4 Cir.1980) to the instant ease. In Yorkwood the plaintiff, seeking an order of sequestration pursuant to La. C.C.P. art. 3571, alleged in its petition that the mortgaged property was in the possession of the defendants and that “it is within their power to conceal, dispose of, or part with or remove same from this parish during the pendency of this suit....” Id., 379 So.2d at 799. This Court held that the mere conclusory allegation of plaintiffs grounds, essentially a regurgitation of the statutory grounds, failed to show the specific facts constituting the grounds for issuance of a writ of sequestration under La. C.C.P. art. 3571, and ^therefore failed to satisfy La. C.C.P. art. 3501’s requirement that the grounds relied on clearly appear from the specific facts shown by the petition or separate affidavit. This Court noted that neither *62 party presented any testimony or other evidence at the hearing on the defendant’s motion to dissolve. As the burden at the hearing was on the plaintiff, plaintiffs failure to offer proof of any ground for the issuance of a writ of attachment was fatal to the writ of attachment.
However, unlike in Yorkwood, supra, in the instant ease plaintiff set forth specific facts in paragraph 11 of his August 10, 2004 petition for writ attachment sufficient to show as of the time of that filing the plaintiff was entitled to a writ of attachment because the defendant was a nonresident with no duly appointed registered agent for service of process. La. C.C.P. art. 3541(5). The Secretary of States’ office had recorded only two registered agents of service of process for defendant/debtor Janette Moss: Malcolm Monroe and Marian Mayer Berkett. Malcolm Monroe died in 2001 and on August 9, 2004, Marian Mayer Berkett filed with the Secretary of State a written letter revoking her status as Moss’s registered agent.
The validity of the attachment is determined on facts known and existing at the time the attachment is requested. Barnett Marine, Inc. v. Van Den Adel, 96-1029 (La.App. 5 Cir. 4/9/97), 694 So.2d, 453, 459. In the ordinary course of events, it can be expected that once the revocation is filed with the Secretary of State, that office records it in the exercise of its ministerial duties. Plaintiff was entitled to rely on the Secretary of State performing its ministerial duties. This should be sufficient to shift the burden back to the curator to prove lack of recordation. Curator does not dispute that Janette Moss had no registered agent for service of process at the time plaintiffs August 10, 2004 petition for writ of | ^attachment was filed. And, in fact, as was shown at the subsequent hearing on March 21, 2005, the recordation of Ms. Berkett’s revocation is evidenced by the certificate[4] from the Secretary of State’s Office dated August 10, 2004, that states the “Statement of Change ... was filed and recorded in this Office on August 10, 2004.” A copy of Ms. Berkett’s August 9, 2004 letter is annexed to the certificate, and is time stamped “2004 AUG 10 AM 9:20.” Id. Plaintiffs petition was filed on August 10, 2004 at 10:34 a.m.
For the foregoing reasons, the trial court properly denied curator/counsel for debtor/defendant, Janette Moss’s, exceptions of lack of personal jurisdiction and no cause of action. For the reasons stated in the companion writ, 2005-C-0613, the trial court also properly denied the other exceptions filed by curator.
Accordingly, relator’s writ application for supervisory writs is denied.
WRIT DENIED.
McKAY and LOVE, JJ., concur in the result.

. Curator herein filed an amicus curiae brief in the writ application.

. Littleton v. Moss, unpub., 2004-1620 (La.App. 4 Cir. 11/17/04), writ denied, 2005-0369 (La.4/8/05), 899 So.2d 10.

.There is a companion writ pending in this case, 2005-C-0613, taken from the same judgment by the trustee, Mr. McDaniel.

. This certificate was filed as an exhibit in connection with companion writ 2005-C-0613.